IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISS DOBREV,

                Plaintiff,

   v.

WALWORTH COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
THELMA KUNZ, DAVID THOMPSON, and
ETTY WILBERDING,

                Defendants.

OPINION & ORDER

16-cv-1-jdp

---

      Pro se plaintiff Kriss Dobrev has filed a civil action against several defendants. Dkt. 1. His complaint lists causes of action, including violations of the Fourth, Eighth, and Fourteenth Amendments, but it makes no factual allegations. Defendants answered Dobrev's complaint and began discovery. Defendants sent Dobrev a set of interrogatories asking him to provide the facts concerning each cause of action. Dobrev's responses, Dkt. 30, are difficult to follow, but the lawsuit concerns Dobrev's autistic son, who has been placed in foster care.

      Defendants now move to dismiss the case for failure to state a claim upon which relief can be granted. Dkt. 24. Dobrev's complaint lacks factual allegations, so there is no question that it fails to state a claim. In response to defendants' motion to dismiss, Dkt. 32, Dobrev points to his interrogatory responses. If his interrogatory responses provided a short and plain statement of his claim, I might consider those responses to be a supplement to the complaint and let the case proceed on that basis. But Dobrev's interrogatory responses do not inform defendants or the court what each defendant did to violate his rights.

Dobrev paid the full filing fee, so I was not required to screen his complaint under 28 U.S.C. § 1915 before the case proceeded. But it is clear now that screening the complaint is necessary, not only to ensure that Dobrev's case is not dismissed because he does not understand the rules of civil procedure, but also to spare defendants the effort of responding to a groundless complaint.

In screening any pro se litigant's complaint, I must read the allegations generously, *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010), and I accept plaintiff's well-pleaded allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). But I will dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915.

Dobrev's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "The purpose of Rule 8 is to provide a defendant with fair notice of the claims against him." *Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014). Here, Dobrev's complaint alleges only that defendants committed a number of constitutional and statutory violations and tortious acts, including "child endangerment" and "malicious disregard of family in child's life," from "2007 to the current moment" in Walworth County and that "they did it maybe because of their polices and same previous practices or maybe because we could not fit their standards for a good and fit family." Dkt. 1, at 2, 3. But Dobrev's complaint does not say what happened to him (or his son). Nor does it explain how each defendant acted or failed to act in violation of his rights.

Dobrev contends that he provided a detailed summary of the facts supporting his claims in his responses to defendants' interrogatories, but the "detailed facts" to which he

2

refers are nine lengthy, confusing documents that appear to be journal entries listing events, recording Dobrev's impressions, and quoting communications between Dobrev, his wife, defendants, and others concerning Dobrev's son. I have reviewed these documents, but I still cannot tell what Dobrev believes each defendant did, or failed to do, that caused him harm.

I conclude that Dobrev has failed to properly state a claim under Rule 8. I will give him one last opportunity to correct this problem. The questions posed in defendants' interrogatories provide a good framework for Dobrev to provide the facts that support his claims. So rather than asking Dobrev to file an amended complaint, I will require him to file new responses to defendants' interrogatories. I will consider these responses a supplement to Dobrev's complaint. Once those responses are served and filed with the court, I will screen the responses just as I would an amended complaint filed by a pro se litigant proceeding *in forma pauperis* under 28 U.S.C. § 1915.

In his amended responses, Dobrev should explain what each defendant did or failed to do and how those actions or inactions harmed him. He should write plain and simple answers to each interrogatory. Those answers must stand on their own, without citing to the "detailed facts" attachments (Exhibits 1-9 of Dkt. 30) that he submitted before.

At this point, I will warn Dobrev that if he is attempting to protect his son's rights in this lawsuit, he must be represented by a lawyer. He may not represent his minor child without counsel. *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel.").

I will strike the trial date and associated deadlines in this case and stay discovery pending my screening of Dobrev's new responses to defendants' interrogatories. I will stay

3

consideration of plaintiff's motion for subpoenas, Dkt. 18, and defendants' motion to strike plaintiff's expert witnesses, Dkt. 20. Although defendants' statute of limitations defense in their motion for partial judgment on the pleadings, Dkt. 10, appears well-grounded, I will also stay consideration of that motion because it is premature to determine whether any of Dobrev's claims are barred by a statute of limitations when it is not yet clear what viable claims, if any, Dobrev has. Should plaintiff's responses survive screening, I will reopen discovery and direct Magistrate Judge Stephen Crocker to conduct a scheduling conference to set a new trial date and associated deadlines, at which point the parties may renew their remaining motions.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 24, is GRANTED in part and DENIED in part.

2. Plaintiff's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until December 14, 2016, to file new responses to defendants' interrogatories. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendants.

4. Discovery is STAYED.

5. The remaining schedule is STRICKEN. A new trial date and associated pretrial deadlines will be set should plaintiff's claims, as articulated in his responses to defendants' interrogatories, survive screening.

6. Consideration of defendants' motion for partial judgment on the pleadings, Dkt. 10, plaintiff's motion for subpoenas, Dkt. 18, and defendants' motion to strike plaintiff's expert witnesses, Dkt. 20, is STAYED. The court will consider these motions after discovery is reopened, should the case progress to that point.

Entered November 23, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge